FOULSTON SIEFKIN LLP
1551 N. Waterfront Pkwy, Suite 100
Wichita, KS 67206
(316) 267-6371

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANELLE CARR ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-1339-CM-JPO |
| ) | |
| MT. HOPE COMMUNITY DEVELOPMENT, ) | |
| INC., d/b/a MT. HOPE NURSING CENTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## AGREED PROTECTIVE ORDER

Upon the stipulation and agreement of the parties, and it appearing to the Court that:

A. During the course of this litigation, the parties, and some non-parties, will produce materials and documents, some of which private information relating to employees or former employees of Mt. Hope Community Development, Inc., d/b/a Mt. Hope Nursing Center and information relating to plaintiff's wages and benefits, medical and mental health treatment. There may also be confidential and proprietary commercial information requested. The parties agree that such confidential commercial or private information should not be revealed to parties outside this litigation. The parties are interested in permitting discovery to proceed without delay occasioned by disputes about the confidential nature of the documents and/or information being produced.

1

B.  The parties, pursuant to agreement, have applied to the Court for this Agreed Protective Order limiting the disclosure of confidential documents and/or information produced in this matter and have stipulated hereto.

C.  Federal. Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information and documents for good cause.

D.  Good cause exists for the issuance of this Agreed Protective Order.

IT IS HEREBY ORDERED THAT

1.  <u>Scope of Order.</u>  This Protective Order governs the use and handling of all documents, electronically stored information (ESI), deposition testimony, interrogatory responses, and other information (other than information that is publicly known or available) designated as "Confidential" (collectively the "Confidential Discovery Material"), by the parties hereto or by any non-party to this litigation. The handling of Confidential Discovery Material at any court hearing or trial will be the subject of a separate discussion between the parties and the Court prior to the commencement of such proceedings.

2.  <u>Confidential Discovery Material.</u>  For purposes of this Order, the term "Confidential Discovery Material" shall mean any non-public material that is sensitive commercial, and financial, and any confidential employment, personal, financial, and/or medical information relating to employees or former employees, which the Producing Party believes in good faith should be afforded the protection of confidentiality by the Court. Additionally, the parties have agreed that records produced by a Party or a non-

party relating to plaintiff's wages and benefits, and medical treatment will be designated as Confidential Discovery Material as outlined in paragraph 3.

    3.    <u>Use of Confidential Discovery Material.</u>  Confidential Discovery Material shall be used and disclosed solely in connection with preparing for and conducting pre-trial, trial, and appellate proceedings in this litigation and shall not be used or disclosed for any other purpose, unless ordered by this Court, or another Court with jurisdiction. Moreover, no attorney for any party, or for any law firm employed by any party, shall disclose or use any Confidential Material produced in this case in connection with any other litigation.

    4.    <u>Manner of Designation.</u>  The Party who produces Confidential Discovery Material shall designate it as such by conspicuously stamping or labeling the document with the word "Confidential."  A document containing multiple pages may be designated as confidential in its entirety by securing the pages together, and stamping "Confidential" on the first page or by sending a single PDF document with a "Confidential" label on the first page.  If the information that is being produced is ESI or other information that is not amenable to this manner of designation, the parties agree that any designation by the Producing Party that provides notice of a confidential designation shall be treated as confidential under this Order.

    5.    <u>Deposition Testimony.</u>  A Party or its counsel may designate deposition testimony as "Confidential" by stating orally on the record at the time of the deposition, at which time the testimony so identified shall be subject to the full protection of this Order.  In the case of testimony not so designated during the course of a deposition, counsel has ten (10) days after receiving the transcript of the deposition to notify the

parties that the deposition testimony contains confidential material, in which case the testimony shall be subject to the full protection of this Order. Any transcript designated "Confidential" shall be marked as including information that is "Confidential," and portions of any transcript so marked shall be given or shown only to those persons who would otherwise be permitted to view such Confidential Material, subject to the terms of this Protective Order. This paragraph does not apply to non-party deponents. Fed. R. Civ. P. 30(f)(3).

6. <u>Disclosure of Confidential Material.</u>  Except with prior written consent of the Designating Party, Confidential Discovery Material may not be disclosed to any Person other than:

    a. A Party, including any officer, director, employee, agent, representative of or attorney for a Party;

    b. The Judge presiding in this case, the Judge's staff, such employees of the Court as directed by the Judge, and jurors;

    c. Court reporters who record deposition or other testimony in this litigation;

    d. Counsel of record for a Party and their legal associates, paralegals, and office staff;

    e. Outside photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation.

    e. Outside experts, consultants, advisors, and analysts retained or consulted for the purpose of assisting a Party in the preparation and trial of this case;

      f.      Witnesses being deposed; and.

      g.      Any mediator agreed to by the parties.

With the exception of Court personnel and members of a jury, no person entitled to access Confidential Material shall discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect, or examine the Confidential Material protected herein. Neither the Confidential Material nor the contents thereof shall be used for any business, commercial, or competitive purposes whatsoever.

7.      <u>Rights Retained.</u>  Nothing in this Order shall:

      a.      Restrict any Producing Party from disclosing its own Confidential Discovery Material produced by it, whether or not also produced by the other Party, as it deems appropriate for the prosecution or defense of this litigation, and any such disclosure shall not be deemed a waiver of any other Party's rights or obligations under the Protective Order.

      b.      Restrict the right of any Party to use Confidential Discovery Material in any hearing or trial in this case; provided, however, that the Parties agree to cooperate prior to any such hearing or trial to develop appropriate procedures for the protection of Confidential Discovery Material from disclosure to the public. Specifically, the Parties agree to seek the issuance of an Order providing, to the fullest extent possible, that the use or disclosure of trial or hearing testimony and trial or hearing exhibits shall be subject to the same limitations and restrictions as are provided for Confidential Discovery Material under this Order;

      c.      Prevent any Party from objecting to discovery that the Party

believes is improper for any reason; and

    d. Preclude any Party from seeking any further or additional protection for Confidential Discovery Material not provided in this Order.

  8. <u>Filing Documents Under Seal.</u>  In the event a party wishes to use any information identified as Confidential including quotations to such material, in any documents filed with the Court, the party shall consult with the other party in attempt to reach agreement on whether the Confidential Discovery Material needs to be filed under seal.  If the parties agree, a joint motion should be field with the Court seeking leave to file the Confidential Discovery Material under seal.  If the parties cannot come to an agreement, the party seeking to file Confidential Material shall first move the Court seeking to leave to allow Confidential Materials to be filed under seal, or, in the alternative, to strike the confidential designation.   In the event a party has not moved to file Confidential Material under seal before a filing deadline, the party shall file the motion to seal electronically and attach as sealed exhibits the Confidential Material the party seeks to file under seal.  The parties further agree to comply with D. Kan. R. 5.4.6. or any other applicable count rule which governs the sealing of exhibits.

  9. <u>Inadvertent Waiver of Attorney-Client Privilege.</u>  Inadvertent production of Confidential Material, subject to confidentiality restrictions, the attorney-client privilege, or work-product immunity (despite the Producing Party's reasonable efforts to pre-screen such material before production) does not waive the confidentiality restriction, attorney-client privilege, or work-product immunity. Any attorney-client privileged communications or work-product materials that are inadvertently produced shall be promptly returned to counsel for the Producing Party without review or copying and shall

not be used in discovery or at trial for any purpose.  If the receiving party discovers that the Producing Party inadvertently produced materials, documents, things, or information, including ESI, subject to confidentiality restrictions, the attorney-client privilege, or work-product immunity, the receiving party is obligated to inform the Producing Party of such inadvertent disclosure even if the Producing Party was not aware of the disclosure and shall promptly return the privileged material to counsel for the Producing Party without review or copying and it shall not be used in discovery or at trial for any purpose.

10.     <u>Disputes Regarding Inadvertent Production of Documents.</u>  If any dispute arises relating to the inadvertent disclosure of privileged material, the parties agree to confer in good faith within seven (7) days of such notice to resolve the dispute.  If the parties are unable to resolve such dispute, any party may thereafter move to have this Court rule on the dispute over the designation.  Until the Court rules on the dispute, the material in question shall be returned to the Producing Party and treated as "Privileged."

11.     <u>Confidential Discovery Material Subject to Subpoena.</u>  A copy of this Protective Order shall be included in the service of any subpoena for documents directed to any non-party.  The party serving the subpoena shall notify the non-party that he/she/it has the right to designate documents as "confidential" in accordance with this Protective Order.  In the case of the plaintiff's treating physicians, the party shall notify the medical provider that the parties have agreed to treat their records as Confidential Material under this Order.

12.     <u>Obligation to Return Confidential Discovery Materials.</u>  Within sixty (60) days of the conclusion of this litigation, by judgment, appeal, or otherwise, each Party who received Confidential Discovery Material shall, at its option, either:

    a.  Return all copies thereof, including any copies in the hands of outside experts or consultants and witnesses who were deposed, to the producing Party or,

    b.  Furnish to the producing Party a certificate stating that all such copies have been collected and destroyed

  13.  <u>Jurisdiction of Court.</u> Each party who reviews or inspects Confidential Materials subject to this Order shall be brought within the personal jurisdiction of this Court, including its contempt power.  The jurisdiction of the United States District Court for the District of Kansas to enforce the Protective Order shall terminate upon the final disposition of this case, but a party may seek leave to reopen the case after termination of this litigation to enforce the provision of the Protective Order.

  14.  <u>Violations.</u> In the event anyone shall violate or threaten to violate any terms of this Protective Order, the parties agree to confer in good faith within seven (7) days of the Producing Party gaining knowledge of the alleged violation or potential violation, to resolve such violation (or potential violation) of the terms of this Protective Order.  If the parties are unable to resolve the dispute, the aggrieved party may thereafter move the Court to obtain relief against any such person or entity.

  15.  <u>Punishment for Violating Protective Order.</u> Violation of any provision of this Protective Order may be punishable as contempt of Court.  Further, the parties may pursue any and all civil remedies available to them for breach of the terms of this Order.

  16.  <u>Modification.</u> The parties may modify the provisions of this Protective Order at any time by written stipulation endorsed by the Court.

IT IS THEREFORE, BY THE COURT CONSIDERED, ORDERED, ADJUDGED, AND DECREED, that materials designated Confidential Discovery Material shall be made accessible to the parties and the attorneys for the parties. The parties and their attorneys shall not jointly or severally disclose to or share with any other person the documents and/or information contained in said records, except as provided herein, without further order by this Court.

IT IS SO ORDERED.

Dated in Kansas on this 14th day of January 2013.


                    s/James P. O'Hara
                    James P. O'Hara
                    U.S. Magistrate Judge


APPROVED BY:

DEPEW GILLEN RATHBUN & MCINTEER LLC
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
Tel: 316-262-4000
Fax: 316-265-3819

**By: /s/ Molly Gordon**
Molly E. Gordon #23134
*Attorneys for Plaintiff*

FOULSTON SIEFKIN LLP
1551 N. Waterfront Pkwy, Suite 100
Wichita, KS 67206
Tel: (316)267-6371
Fax: (316)267-6345

**By: /s/ Trisha A. Thelen**
Trisha A. Thelen, #12418
*Attorneys for Defendant*